1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   BRENDA M. JOHNSON,

11                  Plaintiff,

12           v.

13   UNITED STATES OF AMERICA, *et al.*,

14                  Defendants.

CASE NO. 3:20-cv-06031-RJB

ORDER TO SHOW CAUSE OR
AMEND PROPOSED COMPLAINT

15

16           This matter is before the Court on plaintiff's application to proceed *in forma pauperis*

17   ("IFP"), which the District Court has referred to the undersigned as authorized by Amended

18   General Order 02-19.  *See* Dkt. 1.

19           Pursuant to 28 U.S.C. § 1915(e)(2), the Court may dismiss a proposed complaint where a

20   plaintiff seeks to proceed IFP and the proposed complaint fails to state a claim or is frivolous or

21   malicious.  Here, although plaintiff qualifies financially to proceed IFP, her proposed complaint

22   fails to state a claim upon which relief can be granted, as discussed herein.  The Court will

23   provide plaintiff with an opportunity to amend her proposed complaint to correct the deficiencies

24

1   identified in this Order; however, the Court declines to rule on her IFP application until plaintiff

2   has done so.  Moreover, failure to timely comply with this Order will result in a recommendation

3   that the matter be dismissed without prejudice.

4   **BACKGROUND**

5   In her proposed complaint, plaintiff names as defendants the United States of America

6   ("United States"), Electronic Transaction Consultants LLC ("ETC"), the Washington State

7   Office of Administrative Hearings, the Washington Department of Transportation ("WDOT"),

8   the United States Department of Transportation ("USDOT"), Pioneer Human Services, Catholic

9   Community Services, Emerald Queen Casino, the Washington State Department of Social and

10  Health Services ("DSHS"), the Washington State Department of Child Support, Tacoma Police,

11  Terry Lee Rembert (a Pierce County Corrections officer), Patrick Sherwood (a United States

12  administrative deputy), Travelers Insurance, Amazon, and the United States Department of

13  Justice ("USDOJ").  *See* Dkt. 1-1.

14  Although difficult to interpret, plaintiff appears to allege that her former employer ETC,

15  and two partnering organizations, the Office of Administrative Hearings and WDOT, retaliated

16  against her by terminating her employment after she complained about discriminatory and

17  harassing conduct.  *See* Dkt. 1-1, at 2–3.  Plaintiff brings claims against ETC, the Office of

18  Administrative Hearings, and WDOT for alleged violations of the Seventh and Fourteenth

19  Amendments; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII");

20  and the Equal Pay Act, 29 U.S.C. §206(d) ("EPA").  *See* Dkt. 1-1, at 1, 4–6.  Plaintiff further

21  alleges that these defendants failed to disclose and/or comply with a contractual agreement and

22  acted negligently in terminating plaintiff's employment.  *See id.* at 4, 6.

23

24

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 2

1    Separately, plaintiff also appears to allege that DSHS and the Department of Child

2    Support wrongfully terminated her HEN benefits, which resulted in the termination of her

3    residential lease between 2018 to 2019. *See* Dkt. 1-1, at 4. Plaintiff further alleges that she filed

4    an administrative complaint with the Office of Administrative Hearings related to the alleged

5    negligence, denial of services, and a pending Social Security appeal in which "the agency"

6    assisted. *See id.* Although not entirely clear, plaintiff appears to claim that DSHS and the

7    Department of Child Serviced violated her constitutional rights by denying her benefits. *See id.*

8    Plaintiff further alleges that she was involved in a car accident on March 23, 2020, on

9    tribal land, which resulted in Travelers Insurance allegedly attempting to "coerce" plaintiff into

10    accepting "an offer"; however, plaintiff refused the offer. *See* Dkt. 1-1, at 4, 8. Plaintiff appears

11    to further allege that she was "treated differently" when no emergency vehicle was called for

12    medical support after the accident. *See id.* at 7. Plaintiff does not identify a specific claim or

13    harm regarding these allegations.

14    Finally, plaintiff appears to allege that defendants collectively held her captive at her

15    home, unlawfully entered her home, and took personal property. *See* Dkt. 1-1, at 5. Plaintiff

16    further alleges that defendants failed to refund a housing application fee for an apartment not

17    ready for occupancy, collected rent without performing landlord duties, surveilled and stalked

18    plaintiff, and failed to disclose a failed inspection regarding residential safety violations. *See id.*

19    Plaintiff appears to allege a constitutional deprivation based on seizure of property without due

20    process and violation of an unspecified federal statute based on housing violations. *See id.*

21    Plaintiff seeks damages in the total sum of $100,010,900,000.00 from all defendants.

22    *See* Dkt. 1-1, at 14.

23

24

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 3

**DISCUSSION**

**I.      Legal Principles**

Section 1983 provides a remedy where a person acting under color of state law "subjects, or causes to be subjected," plaintiff to "the deprivation of any rights, privileges, or immunities secured by the Constitution" and the laws of the United States.  42 U.S.C. § 1983.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requirement demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Moreover, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

Although this Court will interpret a *pro se* complaint liberally, it "may not supply essential elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  This Court will also grant leave to amend unless it appears that there is no set of factual allegations that could cure the pleading.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**II.     Claims Against ETC, the Office of Administrative Hearings, and WDOT**

Plaintiff alleges that her former employer ETC, along with the Office of Administrative Hearings and WDOT, allegedly discriminated and retaliated against her in violation of the Seventh and Fourteenth Amendments, Title VII, and the EPA.  *See* Dkt. 1-1, at 1, 4–6.

1    Plaintiff's claims against ETC under Title VII appear similar, if not identical, to claims

2    that plaintiff previously asserted and that were dismissed with prejudice in *Johnson v. Elec.*

3    *Transaction Consultants Corp.*, Case No. 14-cv-05872-RBJ, Dkt. 91 (W.D. Wash. 2014).

4    "There can be little doubt that a dismissal with prejudice bars any further action between the

5    parties on the issues subtended by the case." *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999)

6    (citations omitted).  Accordingly, plaintiff's claim that ETC allegedly violated her rights under

7    Title VII is barred.

8    Additionally, plaintiff's claims against ETC for allegedly violating her Seventh and

9    Fourteenth Amendment rights and the EPA, as well claims that ETC acted negligently and failed

10   to comply with a contract, appear to be at issue in plaintiff's action currently pending before

11   Judge Pechman in *Johnson c. Elec. Transaction Consultants LLC*, 20-cv-5857-MJP (W.D.

12   Wash. 2020).  "Plaintiffs generally have no right to maintain two separate actions involving the

13   same subject matter at the same time in the same court and against the same defendant." *Adams*

14   *v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (internal citations

15   omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).  Thus,

16   plaintiff's claims in this action against ETC also appear to be barred.

17   Finally, plaintiff's claims against the Office of Administrative Hearings and WDOT

18   related to her employment with ETC appear to be time-barred.  *See* 29 U.S.C. § 255(a) (three-

19   year statute of limitations for willful violations of the EPA); 42 U.S.C. § 2000e-5(e)(1) (180 or

20   300-day period to file a charge of discrimination under Title VII); 42 U.S.C. § 200e-5(f)(1) (90-

21   day period in which to file suit under Title VII after receiving right-to-sue notice); RCW

22   4.16.040(1) (six-year statute of limitations for claims arising from a written contract); RCW

23   4.16.080(2) (three-year statute of limitations for claims of negligence); *Bagley v. CMC Real*

24

*Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (three-year statute of limitations for § 1983 actions).  Plaintiff appears to have been terminated from employment in July 2014, and the last alleged action by these defendants that plaintiff identifies occurred in August 2014.  *See* Dkt. 1-1, at 2, 4.  Thus, plaintiff has failed to timely assert her claims against the Office of Administrative Hearings and WDOT, and those claims also appear to be barred.

In sum, plaintiff's claims against ETC, the Office of Administrative Hearings, and WDOT appear barred, as discussed above, and plaintiff has failed to plausibly allege why she waited to file the instant action or how her apparently duplicative claims in the instant case differ from claims that are currently pending or were dismissed with prejudice in other civil actions.

### III.   Claims Against Pioneer Human Services, Catholic Community Services, Emerald Queen Casino, Travelers Insurance, and Amazon

Plaintiff names Pioneer Human Services (a nonprofit social enterprise), Catholic Community Services (a nonprofit human service outreach organization), Emerald Queen Casino, Travelers Insurance, and Amazon as defendants in her proposed complaint.  *See* Dkt. 1-1. Although plaintiff alleges that Travelers Insurance allegedly attempted to coerce her into accepting an offer related to a car accident, plaintiff does not identify how Travelers Insurance harmed her, nor does she identify any specific claims against Pioneer Human Services, Catholic Community Services, Emerald Queen Casino, or Amazon.

In order to assert a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that (1) she suffered a violation of rights protected by the Constitution or created by a federal statute, and (2) the violation was proximately caused by a person acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Here, plaintiff has not clearly identified a constitutional or federal statutory violation allegedly committed by Pioneer Human Services, Catholic Community Services, Emerald Queen Casino, Travelers Insurance, or

1    Amazon.  Further, it does not appear that these named defendants are state government

2    employees or organizations, and therefore, they are not subject to suit under § 1983 because they

3    do not operate under color of state law.  *See Price v. State of Hawaii*, 939 F.2d 702, 707–708

4    (9th Cir. 1991).  Further, to the extent that plaintiff attempts to allege that these defendants are

5    state agencies, a government agency that is an arm of the state is not subject to suit under § 1983.

6    *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).  In order to state a claim against these

7    defendants, plaintiff must clearly identify the right(s) allegedly violated, the harm suffered, and

8    include allegations establishing that these organizations should be considered state actors (not

9    government agencies) for the purposes of her civil rights claims.

10        **IV.    Claims Against DSHS, Department of Child Support, Tacoma Police, and**
               **Terry Lee Rembert**

11        Plaintiff appears to allege that DSHS and the Department of Child Support violated her

12   constitutional rights based on an alleged denial of benefits.  *See* Dkt. 1-1, at 4.  Additionally,

13   although she does not make any specific allegations against Tacoma Police and Rembert, it

14   appears that Rembert is a Pierce County Corrections officer with Tacoma Police.  *See id.* at 1.

15        42 U.S.C. § 1983 does not allow suits for damages against States, departments of the

16   State, or State employees acting in their official capacities.  *See Will v. Michigan Dep't of State*

17   *Police*, 491 U.S. 58, 71 (1989).  Here, plaintiff fails to state a claim because DSHS and the

18   Department of Child Support are departments of the State of Washington and are not subject to

19   suit under § 1983.  *See id.*

20        Additionally, the "Tacoma Police" is not a proper defendant in this matter—rather, the

21   proper defendant in a § 1983 action would be the municipality or county, not the municipal

22   department or agency.  *See Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal.

23   1996); *accord Osborne v. Clark Cty. Sheriff's Office*, No. 3:16-CV-05307-BHS-DWC, 2017 WL

24

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 7

6558665, at *5 (W.D. Wash. Nov. 29, 2017) (Clark County Jail is not an appropriate defendant in a § 1983 action).  The Court explained this to plaintiff in some detail in a prior action against the Tacoma Police in *Johnson v. Tacoma Police*, 20-cv-5548, Dkt. 7 (W.D. Wash. 2020) (dismissed without prejudice for failing to respond to the Court's order to show cause).

Finally, in order to state a claim under § 1983, a plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint.  *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.1981).  Here, plaintiff fails to allege any facts that show Rembert's personal participation in any alleged violation of her constitutional or federal statutory rights.  Further, when the local government entity (*e.g.,* City of Tacoma) is also named, the suit against the municipal officer (*e.g.,* Rembert) in his official capacity is redundant.  *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).  Thus, to the extent that plaintiff brings claims against Rembert, those claims fail, as well.

### V.      Claims Against the United States, USDOT, USDOJ, and Patrick Sherwood

Plaintiff names the United States, USDOT, USDOJ, and Patrick Sherwood (a United States administrative deputy) as defendants in her proposed complaint.  *See* Dkt. 1-1.  Other than concluding, without explanation, that the United States allegedly failed to properly pay her wages and benefits and retaliated against her, plaintiff fails to allege any supporting facts regarding the alleged actions or alleged violations of rights by these defendants.

Because plaintiff brings suit against federal actors—rather than state actors—the Court notes that her claims are properly interpreted under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, not as claims under § 1983.  *Bivens*, 403 U.S. 388 (1971).  Under *Bivens*, a plaintiff may bring a claim for damages against federal officers alleged to have violated

the plaintiff's constitutional rights.  *See Butz v. Economou*, 438 U.S. 478, 486 (1978).  To state a claim under *Bivens*, plaintiff must allege that (1) a right secured by the federal constitution was violated and (2) the alleged violation was committed by a federal actor.  *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).  However, an action against the United States, a United States agency, or a federal employee in his official capacity is not available under *Bivens*.  *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994).  Rather, a claim under *Bivens* must be brought against a federal officer in his or her individual capacity.  *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).

Here, it is clear that the United States, USDOT, USDOJ, and Sherwood (in his official capacity) are not subject to suit under *Bivens.  See FDIC*, 510 U.S. at 486.  Accordingly, plaintiff's claims against these defendants are foreclosed.  Further, although plaintiff may bring an action for damages against a federal officer in his individual capacity under *Bivens*, plaintiff has failed to allege facts showing that Sherwood, in his individual capacity, personally acted in violating plaintiff's constitutional rights.  *See Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011).  Thus, plaintiff has also failed to state a claim against Sherwood in his individual capacity.

## VI.    Leave to Amend Proposed Complaint

"A district court should not dismiss a *pro se* complaint [with prejudice] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).  The Court finds that it is not absolutely clear that plaintiff's claims in her proposed complaint may not be cured by amendment.  Therefore, the Court grants plaintiff leave to amend.

**CONCLUSION AND DIRECTIONS TO PLAINTIFF**

Due to the deficiencies described above, the Court declines to rule on plaintiff's IFP application at this time.  If plaintiff still wishes to pursue her claims, she must file an amended proposed complaint in support of her IFP application on or before **November 30, 2020**.  Any amended proposed complaint will serve as a complete substitute for plaintiff's current proposed complaint.  The amended proposed complaint must include a short, plain statement telling the Court: (1) the constitution and / or statutory rights plaintiff believes were violated; (2) the name or names of the person or persons who violated the rights; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional or statutory rights; and (5) what specific injury plaintiff suffered because of each defendants' conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 77 (1976).

If plaintiff fails to file an amended proposed complaint on or before **November 30, 2020**, the undersigned will recommend denial of plaintiff's IFP application (Dkt. 1) and dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint for a person not in custody.  The Clerk is further directed to send copies of this Order to plaintiff.

Dated this 30th day of October, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 10